UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA BURCH HARMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:14-cv-01073-DKL-SEB |
| PEBBLE CREEK, LLP; DON COLLER; | ) |
| FRED HARMS; and JDPHD | ) |
| INVESTMENT GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

ENTRY ON PENDING MOTIONS

The following pending motions are ripe for ruling: *Defendants Pebble Creek LLP, Don Coller, and JDPHD Investment Group, LLC's Motion to Dismiss Plaintiffs Amended Complaint* [Dkt. 32]; *Defendants Pebble Creek, Don Coller, and JDPHD Investment Group's Motion for Judgment on the Pleadings* [Dkt. 45]; *Plaintiff Cynthia Burch Harms and Fred Harms' Joint Motion for Partial Judgment on the Pleadings* [Dkt. 58]; Plaintiff's *Motion for Leave to Conduct Jurisdictional Discovery* [Dkt. 84]; *Coller, Pebble Creek, and JDPHD's Request for Hearing on Pending Motions* [Dkt. 71]; and Plaintiff's *Request for Status Conference* [Dkt. 99].

On June 4, 2015, the Court ordered the parties to show why this cause should not be dismissed for lack of subject-matter jurisdiction. The parties have filed their responses.

A federal district court has subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). When considering the legal sufficiency of the allegations of subject-matter jurisdiction, the Court does not look beyond the complaint's allegations, but takes the complaint's allegations as true. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). A partnership has the citizenships of all of its partners for diversity purposes. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014); *White Pearl Inversiones, S.A.* (*Uruguay*) *v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *see also Davis v. Stone*, No. 95 C 2671, 1995 WL 399521, at *1 (N.D. Ill. June 29, 1995) ("As a partnership is considered to be a citizen of each state in which a partner is domiciled, it is obvious that a person cannot sue a partnership in which they are a partner based on diversity jurisdiction.").

Plaintiff's *Amended Complaint for Declaratory Relief and Damages* [Dkt. 20] alleges that Plaintiff is a partner in and has an ownership interest in Defendant Pebble Creek LLP. See, *e.g.*, Am. Compl. ¶¶ 6, 8, 50, 52, 55, 64, 66. Plaintiff seeks, among other relief, a declaratory judgment that she "is in fact a full partner in Pebble Creek." *Id.*, Prayer for Relief, ¶ A; *see also id.* ¶¶ 101-02. The Amended Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging complete diversity among the parties and that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Am. Compl.* ¶ 26. It does not invoke the Court's federal-question jurisdiction

2

under 28 U.S.C. § 1331.  Although Plaintiff had sought leave to file a Second Amended Complaint, indicating that she intended to assert a RICO claim, *see* 18 U.S.C. § 1962, she withdrew her motion to amend, stating that "at this time [she] does not intend to add a RICO claim to her Complaint."  *Notice of Withdrawal of Plaintiff's Motion for Leave to File Second Amended Complaint* [Dkt. 95] at 1.

The Amended Complaint alleges that Plaintiff is a partner of Pebble Creek, and the Court accepts this allegation as true in assessing the legal sufficiency of the jurisdictional allegations.  Thus Plaintiff and Defendant Pebble Creek have the same citizenship, and citizens of California are on both sides of this dispute.  Because complete diversity of the parties does not exist, this Court lacks subject-matter jurisdiction.

Plaintiff argues that in other cases where the plaintiff alleging to be a partner or member of a defendant organization had not been treated as a partner or member at the time of filing of the action, the plaintiff's citizenship was not imputed to the partnership and thus did not divest the court of jurisdiction.  She cites *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006), and *Registry Systems Int'l, Ltd. v. Hamm*, 2010 WL 326327 (D. Colo. Jan. 20, 2010), for support.  Neither case assists Plaintiff.  In *Symes*, the plaintiffs alleged diversity jurisdiction, but the complaint explicitly alleged that they were *not* members of the defendant limited liability company being sued.  *Symes*, 472 F.3d at 759.  And in *Registry Systems*, the plaintiff conceded that the individual defendants owned the defendant entities sued.  2010 WL 326327, at *10.  In contrast, Plaintiff Harms alleges

3

that she is a partner of Pebble Creek, distinguishing this case from both *Symes* and *Registry Systems.*

This case is analogous to *Ahmed v. Khanijow*, No. 11-11887, 2011 WL 3566621 (E.D. Mich. Aug. 15, 2011), cited by Defendants, where the plaintiff alleged in his complaint that he was a member of the defendant limited liability company being sued. *Id.* at *5. There, as here, the defendants disputed plaintiff's membership in the company, but the court determined that the "[p]laintiff's allegations in his complaint are what matter to this motion." *Id.* The court was right. Plaintiff Harms has alleged that she is a partner of Pebble Creek, and therefore, the Court does not have diversity jurisdiction. Because no other basis for jurisdiction is alleged, this action should be dismissed for lack of subject-matter jurisdiction. Because the Court is assessing the legal sufficiency of the jurisdictional allegations, it does not look beyond the allegations of the Amended Complaint.

Plaintiff's *Motion for Leave to Conduct Jurisdictional Discovery* seeks discovery on the issue of whether she "has been recognized and treated as a full partner" of Pebble Creek. [Dkt. 84 at 3, ¶ 9]; *see also Reply in Support of Motion for Leave to Conduct Jurisdictional Discovery*, [Dkt. 91 at 2 (asserting that the Court "should allow for discovery establishing the fact that Cynthia was not treated as anything more than a mere assignee to date")]. That issue is irrelevant to the determination of whether the court has subject-matter jurisdiction on the basis of diversity. What matters at this stage is whether the Amended

Complaint alleges that she is a partner of Pebble Creek, and it does.  Therefore, the *Motion for Leave to Conduct Jurisdictional Discovery* should be denied.

A hearing on the pending motions is unnecessary; no factual disputes need to be resolved to determine that the complaint's allegations fail to sufficiently allege subject-matter jurisdiction.  Therefore, Defendants' *Request for Hearing on Pending Motions* should be denied.

Because the Court finds that the action should be dismissed without prejudice for lack of subject-matter jurisdiction, Plaintiff's *Request for Status Conference* should be denied and all other pending motions should be denied as moot.

## Conclusion

For the foregoing reasons, the *Motion for Leave to Conduct Jurisdictional Discovery* [Dkt. 84] is **DENIED**; the action is **DISMISSED** for lack of subject-matter jurisdiction **WITHOUT PREJUDICE** to Plaintiff's filing within **7 days of this date**, an amended complaint sufficiently alleging the Court's subject-matter jurisdiction, provided she can do so consistent with her obligations under Federal Rule of Civil Procedure 11; Defendants' *Request for Hearing on Pending Motions* [Dkt. 71] is **DENIED**; Plaintiff's

*Request for Status Conference* [Dkt. 99] is **DENIED**; and all other pending motions [Dkts. 32, 45, and 58] are **DENIED AS MOOT**.

**So Ordered.**

Date: 08/20/2015

_[signature]_

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to Counsel of Record